UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM R. HARMON, | No. 2:13-cv-1374 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On May 11, 2010, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on November 5, 2009. (Transcript ("Tr.") at 14, 104-05.) Plaintiff's application was denied initially, (id. at 64-67), and upon reconsideration. (Id. at 72-76.) Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on March 21, 2012. (Id. at 25-44.) Plaintiff

was represented by an attorney and testified at the administrative hearing.  (Id. at 25-26.)  In a decision issued on March 29, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 21.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since November 5, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; and myofascial neck sprain with chronic spasms (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: she could lift, carry, push, and/or pull 50 pounds occasionally and 25 pounds frequently; she could stand and/or walk for about 6 hours in an 8-hour workday, with normal breaks; she could sit for about 6 hours in an 8-hour workday, with normal breaks; she could frequently perform postural activities, except that she could occasionally climb ladders, ropes, and scaffolds; and she could occasionally reach overhead bilaterally.
>
> 6. The claimant is capable of performing past relevant work as a homeless shelter case manager/counselor, an immigration agency advocate and director, a chemical dependency counselor, a bookkeeper, and a bookstore sales clerk.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 5, 2009, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 16-21.)

On April 11, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's March 29, 2012 decision.  (Id. at 6-8.)  After plaintiff was granted an extension of time to file a civil action, (id. at 1), plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 10, 2013.

/////

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

/////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff argues that the ALJ committed the following two principal errors in finding her not disabled: (1) the ALJ improperly rejected the opinion of plaintiff's treating physician; and (2) the ALJ improperly rejected plaintiff's testimony concerning her subjective symptoms. (Pl.'s MSJ (Dkt. No. 12) at 7-16.[1])

### I. Medical Opinion Evidence

Plaintiff argues that the ALJ erred by failing to articulate specific and legitimate reasons for rejecting the opinions of Dr. Andre Van Mol, plaintiff's treating physician. (Id. at 7-11.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and
2  inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir.
3  2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).
4  Greater weight should be given to the "'opinion of a specialist about medical issues related to his
5  or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20
6  C.F.R. § 404.1527(d)(5)).

7  Here, on March 1, 2011, Dr. Mol completed a Medical Source Statement-Physical form
8  providing his opinion as to plaintiff's ability to perform work-related activities. (Tr. at 369-70.)
9  Therein, Dr. Mol opined that plaintiff could only carry ten pounds occasionally, less than ten
10 pounds frequently, was be able to stand and/or walk less than two hours in an eight-hour workday
11 and could sit for less than six hours in an eight-hour workday. (Id. at 369.)

12 On June 2, 2011, Dr. Mol completed a two-page Medical Opinion Regarding Ability to
13 Do Work-Related Activities form. (Id. at 384-85.) Therein, Dr. Mol opined that plaintiff could
14 only carry less than ten pounds occasionally and could sit, stand and walk for less than two hours
15 in an eight-hour workday. (Id. at 384.) Dr. Mol also opined that plaintiff would sometimes need
16 to lie down at unpredictable intervals during a work shift. (Id.) Moreover, it was Dr. Mol's
17 opinion that plaintiff would be absent from work more than three times a month due to her
18 impairments. (Id. at 385.)

19 The ALJ gave Dr. Mol's opinions "little weight for multiple reasons." (Id. at 19.) In this
20 regard, the ALJ concluded that Dr. Mol's opinions found "little support in the objective evidence"
21 and were inconsistent with the findings noted in his own treatment notes. (Id.)

22 The court notes, however, that x-rays of plaintiff's spine taken March 10, 2010, in fact
23 revealed a "[s]light loss of the normal cervical lordosis," "chronic degenerative disc change at
24 C5-6 and C6-7 with narrowing and spurring," "slight thoracic scoliosis convex to the right,"
25 "mild levoscoliosis," "mild disc space narrowing at L3-4," and "six lumbar-type vertebral
26 bodies." (Id. at 170-72.)

27 Moreover, a September 8, 2010 MRI included findings as to plaintiff's cervical spine of
28 "disc space narrowing and degenerative endplate change at C5-6 and C6-7," "anterior spondylitic

5

1  ridging at C5-6 and C6-7," "mild annular bulging" at C3-4, "minimal annular bulging" at C4-5,
2  "diffuse annular bulging and posterior spondylitic ridging" and "bilateral foraminal narrowing "
3  at C5-6, and "annular bulging" at C6-7. (Id. at 375.) The MRI report "impression," noted
4  "[a]nnular bulging and posterior spondyltitic ridging at C5-6," "mild to moderate canal stenosis,"
5  "bilateral foraminal narrowing at C5-6," "[m]ild annular bulging and posterior spondylitic ridging
6  at C3-4," "[m]inimal annular bulging at C4-5," and "[m]ild annular bulging and posterior
7  spondylitic ridging at C6-7." (Id. at 375-76.)

8  As to plaintiff's lumbar spine, the MRI report noted "minimal levoscoliosis of the lumbar
9  spine," "desiccation of the L2-3, L3-4 and L5-S1 discs," and "minimal bilateral facet hypertrophy
10  at L4-5." (Id. at 376.) The MRI report's "impression," noted "[m]inimal bilateral facet
11  hypertrophy at L4-5," and "[d]esciccation of the L2-3, L3-4 and L5-S1 discs." (Id.)

12  With regard to the treating physician's treatment notes, it should be acknowledged that
13  "[t]he primary function of medical records is to promote communication and recordkeeping for
14  health care personnel – not to provide evidence for disability determinations." Orn v. Astrue, 495
15  F.3d 625, 634 (9th Cir. 2007). Here, Dr. Mol's treatment notes reveal that, consistent with his
16  expressed opinions regarding plaintiff's ability to perform work-related activities, on several
17  occasions he examined plaintiff and found that she had limited range of motion in her neck and
18  tenderness across her back. (Tr. at 391, 393, 395.)

19  The ALJ also rejected the treating physician's opinions based on the assertion that Dr.
20  Mol did "not point to any significant objective testing results to support his opinions, other than
21  merely reciting the claimant's diagnoses for cervical central canal stenosis, DDD, and foraminal
22  narrowing." (Tr. at 19- 20.) However, neither of the forms Dr. Mol completed asked him to
23  point to objective testing to support his opinions expressed therein. Instead, one of the forms in
24  question asked him merely to state his opinion "based on substantiated objective findings" and to
25  cite to "supporting medical findings," to which Dr. Mol cited "cervical central canal stenosis,
26  DDD, foraminal narrowing." (Id. at 369.) The second form only asked Dr. Mol to give his
27  opinion "based on [his] examination." (Id. at 384.) In addition, Dr. Mol wrote in a March 1,
28  2011 treatment note that "MRI of C-spine [showed] mild to mod canal stenosis, bilateral

1   foraminal narrowing at C5-6 . . . multilevel DDD." (Id. at 371.)

2   Another reason offered by the ALJ in support of the decision to reject treating physician Dr. Mol's opinion was the ALJ's finding that plaintiff's testimony revealed that Dr. Mol's opinion was "based on the claimant's reports of her subjective complaints and . . . functional capacity." (Id. at 20.) Because the ALJ rejected plaintiff's testimony after finding her "not entirely credible," the ALJ also discounted Dr. Mol's opinions.[2]  In this regard, at the administrative hearing plaintiff testified that Dr. Mol completed the forms in her presence, asked her about her functional limitations and filled out the forms based on her responses. (Tr. at 43.)

   However, as noted above, in addition to plaintiff's testimony, Dr. Mol's opinions are in fact supported by objective testing and his treatment notes which are found in the medical evidence of record. The court does not find the fact that a doctor questioned his patient about her limitations in formulating and drafting his opinion to be a legitimate reason supported by substantial evidence in the record to reject the opinion of a treating physician whose opinion is also supported by other evidence of record.

   The final reason offered by the ALJ for rejecting Dr. Mol's opinions was the ALJ's finding that Dr. Mol's opinions were "inconsistent with his conservatively recommended treatment for NSAID medications, chiropractic care, and home exercises." (Id. at 21.) However, the record also reflects that in December of 2010 plaintiff was referred to physical therapy by a Dr. Joel Ulloth, in an "attempt to prevent hospitalization or surgery." (Id. at 402.) Moreover, plaintiff testified that she could not tolerate more aggressive narcotic pain medications due both to her sensitivity to them and her concern about the potential for addiction. (Id. at 40.)

   For all of the reasons stated above, the court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting treating

/////
/////
/////

---

[2]  Below the court will explain how the ALJ also erred in rejecting plaintiff's testimony.

7

1 physician Dr. Mol's opinions.[3] Accordingly, the court finds that plaintiff is entitled to summary

2 judgment in her favor with respect to this claim.

3 **II.** **Plaintiff's Testimony**

4 Plaintiff also argues that the ALJ erred in discrediting plaintiff's subjective testimony.

5 (Pl.'s MSJ (Dkt. No. 12) at 11-14.) The Ninth Circuit has summarized the ALJ's task with

6 respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

/////

---

[3] Defendant argues that the conflicting opinion of examining physician Dr. Vivek Mohan constituted a valid reason supported by substantial evidence in the record for rejecting the treating opinions offered by Dr. Mol. (Def.'s MSJ (Dkt. No. 15) at 7.) That was not, however, a reason given by the ALJ for rejecting Dr. Mol's opinions. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)). Moreover, Dr. Mohan's opinion was not based on any clinical findings independent from those relied on by Dr. Mol. Instead the examining physician merely disagreed with conclusions found in treating physician Dr. Mol's opinions. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'").

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's testimony was "partially supported by her diligence in seeking chiropractic treatment, radiological findings of some spinal degeneration, and her established work history." (Tr. at 19.) Nonetheless, the ALJ concluded that while plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's own residual functional capacity determination. (Tr. at 18.) Specifically, the ALJ found that plaintiff's testimony was "inconsistent with clinical indications" that showed her impairments were "well controlled" and was also "inconsistent with the medical opinions" of the examining and nonexamining physicians, who found that plaintiff had "considerable work-related abilities despite her impairments." (Id.)

"[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). See also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not

/////

/////

9

present objective medical evidence to demonstrate the severity of her fatigue.")[4]; Smolen, 80 F.3d at 1282 ("the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom"); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

However, plaintiff's testimony was consistent with, and supported by, the opinions offered by her treating physician, Dr. Mol.  Indeed, this was a point which the ALJ conceded. (Id. at 18.)  As noted above, the court finds that the ALJ improperly rejected the opinions of Dr. Mol.  Moreover, plaintiff's testimony was supported by the x-ray and MRI results noted above and by Dr. Mol's treatment notes after his examination of plaintiff, which found that plaintiff had a limited range of motion in her neck and tenderness across her back.  (Tr. at 391, 393, 395.)

The court finds that the ALJ's opinion does not offer specific, clear and convincing reasons for rejecting plaintiff's testimony regarding her subjective symptoms and their severity. Accordingly, plaintiff is entitled to summary judgment in her favor with respect to this claim as well.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  Id. at 594.

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Here, the record has not been fully developed and, therefore, this matter should be remanded for further proceedings. In this regard, at the March 21, 2012 hearing the ALJ did not take any testimony from a Vocational Expert. Moreover, in the March 29, 2012 opinion, the ALJ erred in determining plaintiff's residual functional capacity and did not proceed with the sequential evaluation after determining that plaintiff was capable of performing her past relevant work. For this reason the court cannot definitively say that there are no outstanding issues that must be resolved before a disability determination can be made.

On remand, in proceeding through the sequential evaluation, the ALJ shall afford the proper weight to treating physician Dr. Mol's opinions and to plaintiff's own testimony.[5] Should the ALJ deem it necessary to utilize the expertise of a Vocational Expert, the ALJ's hypothetical question to the Vocational Expert shall account for all of plaintiff's limitations and restrictions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 12) is granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 15) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: September 18, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\harmon1374.ord.docx

---

[5] Of course, if the Commissioner determines that upon crediting plaintiff's testimony and the opinions of Dr. Mol that plaintiff would be found disabled, the Commissioner may elect to forgo further proceedings and instead award benefits.