1   Marc V. Kalagian
    Attorney at Law: 149034
2   Law Offices of Rohlfing & Kalagian, LLP
    211 East Ocean Boulevard, Suite 420
3   Long Beach, CA 90802
    Tel.: (562)437-7006
4   Fax: (562)432-2935
    E-mail: rohlfing.kalagian@rksslaw.com

5   Attorneys for Plaintiff
    Kim R. Harmon
6

7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9

10  KIM R. HARMON,                          )   No. 2:13-cv-01374 DAD
                                            )
11          Plaintiff,                      )   STIPULATION AND ORDER FOR
                                            )   THE AWARD AND PAYMENT OF
12      vs.                                 )   ATTORNEY FEES AND EXPENSES
                                            )   PURSUANT TO THE EQUAL
13  CAROLYN W. COLVIN, Acting               )   ACCESS TO JUSTICE ACT, 28 U.S.C.
    Commissioner of Social Security,        )   § 2412(d) AND COSTS PURSUANT
14                                          )   TO 28 U.S.C. § 1920
                                            )
15          Defendant.                      )
                                            )
16

17
        TO THE HONORABLE DALE A. DROZD, MAGISTRATE JUDGE OF
18
    THE DISTRICT COURT:
19
        IT IS HEREBY STIPULATED by and between the parties through their
20
    undersigned counsel, subject to the approval of the Court, that Kim R. Harmon be
21
    awarded attorney fees and expenses in the amount of Three Thousand Three
22
    Hundred dollars ($3,300.00) under the Equal Access to Justice Act (EAJA), 28
23
    U.S.C. § 2412(d), and costs in the amount of Four Hundred dollars ($400.00)
24
    under 28 U.S.C. § 1920.  This amount represents compensation for all legal
25

26

-1-

services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Kim R. Harmon, the government will consider the matter of Kim R. Harmon's assignment of EAJA fees to Marc V. Kalagian. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Kim R. Harmon, but if the Department of the Treasury determines that Kim R. Harmon does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Rohlfing & Kalagian, LLP, pursuant to the assignment executed by Kim R. Harmon. *United States v. $186,416.00*, 722 F.3d 1173, 1176 (9th Cir. 2013) (*$186,416.00 II*) (ordering fees paid to counsel because of an assignment that did not interfere with a raised superior lien).[1]

---

[1] The Commissioner does not stipulate to the citation of *$186,416.00 II*, and will not participate in representing to this Court that it carries legal import in these proceedings. *$186,416 II* involved a different statute and very different factual circumstances than those presented here, or in other Social Security cases. Because the parties have agreed to the payment of EAJA fees, and the amount, and to avoid motion practice solely related to Plaintiff's citation, the Commissioner agrees to this stipulation. The Commissioner reserves the right to challenge the applicability of *$186,416 II* to any Social Security case, and this Stipulation should not be construed as a waiver of such reservation. Kim R. Harmon contends that *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 757 (9th Cir. 2011) (*$186,416.00 I*) held that there is no functional difference between the CAFRA and EAJA in terms of "ownership" of the fee.

Any payments made shall be delivered to Marc V. Kalagian. This stipulation constitutes a compromise settlement of Kim R. Harmon's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Kim R. Harmon and/or Marc V. Kalagian including Law Offices of Rohlfing & Kalagian, LLP may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc V. Kalagian and/or the Law Offices of Rohlfing & Kalagian, LLP to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: November 20, 2014     Respectfully submitted,

LAW OFFICES OF ROHLFING & KALAGIAN, LLP

BY: /s/ *Marc V. Kalagian*
Marc V. Kalagian
Attorney for plaintiff Kim R. Harmon

DATED: November 20, 2014   BENJAMIN B. WAGNER
United States Attorney

BY: /s/ *Paul Sachelari*
Paul Sachelari
Special Assistant United States Attorney
Attorneys for Defendant Carolyn W. Colvin,
Acting Commissioner of Social Security
(Per e-mail authorization)

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED

Dated:  November 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.soc sec
harmon1374.stip.EAJA.ord.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26