UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM R. HARMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  2:13-cv-1374 DAD<br><br><br>ORDER |

　　　　Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for disability benefits under Title II of the Social Security Act.  By order filed September 19, 2014, plaintiff's motion for summary judgment was granted, the decision of the Commissioner was reversed and the case was remanded for further proceedings.  (Dkt. No. 17.)  On September 8, 2015, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (Dkt. No. 21.)

　　　　At the outset of the representation, plaintiff and her counsel entered into a contingent-fee agreement.  (Dkt. No. 21-2 at 1.[1])  Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the amount of $8,500, which represents 17.2% of the retroactive disability

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

1  benefits received by plaintiff on remand, for approximately 15.5 hours of attorney time expended
2  on this matter.  (Dkt. No. 21 at 4.)  Defendant filed a response on September 21, 2015, (Dkt. No.
3  22), which addresses the applicable factors relating to counsel's fee request but takes no position
4  on the reasonableness of the requested fee.

5        Attorneys are entitled to fees for cases in which they have successfully represented social
6  security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

12  42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42
13  U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing
14  party is not responsible for payment."  <u>Crawford v. Astrue</u>, 586 F.3d 1142, 1147 (9th Cir. 2009)
15  (en banc) (citing <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 802 (2002)).  Although an attorney fee
16  award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has
17  standing to challenge the award.  <u>Craig v. Sec'y Dep't of Health & Human Servs.</u>, 864 F.2d 324,
18  328 (4th Cir. 1989).  The goal of fee awards under § 406(b) is to provide adequate incentive to
19  attorneys for representing claimants while ensuring that the usually meager disability benefits
20  received are not greatly depleted.  <u>Cotter v. Bowen</u>, 879 F.2d 359, 365 (8th Cir. 1989).

21        The 25% statutory maximum fee is not an automatic entitlement, and the court must
22  ensure that the fee actually requested is reasonable.  <u>Gisbrecht</u>, 535 U.S. at 808-09 ("[Section]
23  406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)
24  instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25
25  percent boundary . . . the attorney for the successful claimant must show that the fee sought is
26  reasonable for the services rendered."  <u>Id.</u> at 807.  "[A] district court charged with determining a
27  reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee
28  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

1  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).  The Supreme Court has
2  identified five factors that may be considered in determining whether a fee award under a
3  contingent-fee arrangement is unreasonable and therefore subject to reduction by the court:  (1)
4  the character of the representation; (2) the results achieved by the representative; (3) whether the
5  attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits;
6  (4) whether the benefits are large in comparison to the amount of time counsel spent on the case;
7  and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for
8  noncontingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808).  Below
9  the court will consider these factors in assessing whether the fee requested by counsel in this case
10 pursuant to 42 U.S.C. § 406(b) is reasonable.

11         Here, there is no indication that a reduction of fees is warranted due to any substandard
12 performance by counsel.  Rather, counsel is an experienced attorney who secured a successful
13 result for plaintiff.  There is also no evidence that plaintiff's counsel engaged in any dilatory
14 conduct resulting in excessive delay.  The court finds that the $8,500 fee, which represents 17.2%
15 of the past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded.  In
16 making this determination, the court recognizes the contingent fee nature of this case and
17 counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on
18 such terms.  See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003).  Finally,
19 counsel has submitted a detailed billing statement in support of the requested fee.  (Dkt. No. 21-5
20 at 1.)

21         Accordingly, for the reasons stated above, the court concludes that the fees sought by
22 counsel pursuant to § 406(b) are reasonable.  See generally Azevedo v. Commissioner of Social
23 Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013)
24 (granting petition pursuant to 406(b) for $17,893.75 in attorney's fees); Coulter v. Commissioner
25 of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8,
26 2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v.
27 Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting
28 petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490

LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)).

An award of § 406(b) fees is, however, offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  Here, plaintiff's counsel was previously awarded $3,300 in EAJA fees (see Dkt. No. 20) and the award under § 406(b) must be offset by that amount.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees (Dkt. No. 21) under 42 U.S.C. § 406(b) is granted;

2. Counsel for plaintiff is awarded $8,500 in attorney fees under § 406(b).  The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits; and

3. Upon receipt of the $8,500 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $3,300 previously paid by the government under the EAJA.

Dated:  September 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/harmon1374.attyfees.406(b).ord.docx

4